

|  |  |
|---|---|
| **Sheila E. Calello**<br>Partner<br>T. 973-639-6931<br>F. 973-297-3854<br>scalello@mccarter.com | McCarter & English, LLP<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102-4056<br>www.mccarter.com |

June 29, 2022

**VIA ECF**

Hon. John Michael Vazquez, U.S.D.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Federal Building
50 Walnut Street
Newark, NJ 07101

Re:  Wilmington Trust, N.A. As Trustee For The Benefit Of The Registered Holders Of Wells Fargo Commercial Mortgage Trust 2019-C50, Commercial Mortgage Pass-Through Certificates, Series 2019-C50 (the "Lender") v. 24 Commerce Street, LLC  (the "Borrower"), et al.
24 Commerce Street, Newark, New Jersey (the "Property")
Civil Action No. 2:21-05498

Dear Judge Vazquez:

This firm represents the Court-appointed Receiver, G&E Real Estate Management Services, Inc. d/b/a Newmark (the "Receiver").  We write to keep the Court apprised of the Receiver's progress and to alert the Court to certain ongoing Property issues.

Receiver's Progress:

Since its appointment in October 2021 and the expansion of its authority earlier this year, the Receiver has amassed over $900,000 of collected rent through efficient collection strategies and expense savings, where possible.  In addition, at the time the Receiver assumed its duties, the delinquency report showed several stagnant and unpaid accounts and many expired leases.  These problem tenancies became the focus of the Receiver's efforts over the last few months.  Approximately 10 eviction actions or collection actions have been or are about to be filed and three lease amendments have been negotiated and documented.  The Receiver continues to work with several other delinquent tenants for resolution of past due amounts.

The Receiver also negotiated a 50% reduction in the Borrower's management company's fee in light of its reduced responsibilities and has reduced the payroll expense from the initial demand of $4,000/week to $1,800/week.  The Receiver negotiated a payment plan with PSE&G and dealt with a number of pre-Receiver accounts payable creditors.  The Receiver has built up a rapport with the tenants and the maintenance staff and has become familiar with the Property operations through frequent visits to the Property.  Overall, even its limited capacity the Receiver has been able to improve cash flow and the financial condition of the Property.

June 29, 2022
Page 2

Ongoing Property Issues:

Despite the positive progress being made, the Receiver continues to have to deal with some significant Property issues, many of which are exacerbated by the Borrower. These include the following:

1. <u>CAM and Real Estate Tax reconciliations</u> – This information is critical for the Receiver to be able to accurately bill tenants for cost-sharing obligations under their leases. The Borrower disclosed that it has not billed for CAM charges or real estate taxes in over two years and has not reconciled these items since 2017 or 2018. Pursuant to paragraph 2 of the Consent Order Expanding Rights and Powers of Court-Appointed Receiver [Doc. 100] entered by Your Honor on March 22, 2022 (the "Consent Order"), the Borrower was directed to provide these reconciliations to the Receiver within five days.[1] After entry of the Consent Order, we conferred with Borrower's counsel on numerous occasions, who advised that the reconciliation process was arduous but that the Borrower had retained a consultant to assist in the process. Months have gone by since then and still we have no reconciliations.

2. <u>Service contracts</u> – The Receiver is presented with invoices for the Property and, subject only to verification of any open issues, the Receiver has no discretion to reject any invoice properly presented. Still, in its processing of invoices, and based on its extensive property management experience in New Jersey in particular, it is apparent that many of the invoices are over market and terms should be renegotiated or moved to another vendor, which would result in significant savings for the Property. Some examples include the following:

    a. <u>Janitor services</u>. The janitorial contract is significantly over market and should be replaced with a lower cost alternative.

    b. <u>HVAC</u>. The Borrower and its management company do not have an HVAC contract in place and the units have a significant amount of deferred maintenance due to the lack of service and preventative maintenance. Many one-time expenses would be covered under a service agreement and priority service would be given if a contract were in place, leading to less downtime.

    c. <u>Energy/Sustainability Program</u>. There are no energy procurement and sustainability programs in place for the Property. Currently energy is purchased from a third party supplier, leading to increased costs, and many inefficient lighting fixtures and equipment that could be replaced

---

[1] Any *pre-Receiver* CAM charges and real estate tax payments collected by the Receiver are to be segregated pending further order of the Court.

at low cost or no cost with a less than 12-month return on investment. There also does not appear to be any monitoring of energy invoices. The Receiver was able to obtain an $8,000 credit when it demanded that the meter be read after not having being read for several months. This is clearly a management responsibility which has not been fulfilled by the Borrower's property management team.

3. <u>Leasing</u> – By the Consent Order, the Receiver was given the exclusive authority over leasing activity at the Property and to address delinquent tenants. The Receiver, however, is not an onsite presence at the Property since it has no management authority over the Property. In addition, while it may be entitled to negotiate with new tenants, it does not have the onsite ability to handle tenant improvements or build out of space. Being onsite will allow the Receiver to facilitate tours with the Newmark leasing team, and to stay on top of vacancies in order to ensure ready-to-show condition. Currently many of the vacancies and spaces available are not in show ready condition.

The Receiver is qualified and prepared to assume greater responsibility for the Property should the Court determine that is in the best interests of the parties and the Property. The Receiver thanks the Court for its assistance in this matter and awaits direction on the foregoing issues.

Respectfully submitted,

/s/ Sheila E. Calello

Sheila E. Calello


cc:     <u>Via ECF and Email</u>:
        Javier Lopez, Esq.
        Keith Brandofino, Esq.
        David Mignardi, Esq.
        John Rothschild, Newmark