# Meyner and Landis LLP

Reply to:
Javier M. Lopez
Direct Dial: 973-602-3436
jlopez@meyner.com

Attorneys At Law
One Gateway Center
Suite 2500
Newark, New Jersey 07102
www.meyner.com
973-624-2800
Fax: 973-624-0356

New York Address:
100 Park Avenue
16th Floor
New York, New York  10017
(516) 683-0171

July 8, 2022

**Via ECF Filing**
Hon. John Michael Vazquez, U.S.D.J.
U.S. District Court, District of New Jersey
50 Walnut Street
Newark, NJ 07102

    Re:    **Wilmington Trust, National Association, As Trustee For The Benefit of The Registered Holders of Wells Fargo Commercial Mortgage Trust 2019-C50, Commercial Mortgage Pass-Through Certificates, Series of 2019-C50 v. 24 Commerce Street LLC, et al.**
**Case No. 2:21-cv-05498**

Dear Judge Vazquez:

    As Your Honor is aware, our office represents defendant, 24 Commerce Street LLC ("**24LLC**" or "**Borrower**") in connection with above captioned matter. Please accept this letter in response to Plaintiff's request for leave to file a motion for summary judgment.

    Borrower does not oppose Plaintiff's request to move for summary judgment, but Borrower maintains that any such motion may ultimately be denied. Throughout this litigation, Borrower has not disputed execution of the loan documents, or its default thereon. However, Plaintiff has consistently acted in bad faith and with unclean hands by intentionally inflating its payoff figures, so as to prevent Borrower from refinancing the subject loan. Notably, these issues were previously raised with the Court in a letter filed on November 12, 2022 (Document 63), wherein the parties raised their respective positions as to the amounts due, specifically the late fees, interest on advances, special servicing fees, liquidation fees, legal fees, and other protective advances. While these issues were raised with the Court, a decision was not issued and Borrower's ability to refinance was only further diminished because the total legitimate amounts due on the loan have increased, all while Plaintiff continued to provide inflated payoff figures.

    Borrower maintains that if not for Plaintiff's efforts to intentionally inflate the payoff figures, Borrower may have been able to refinance the primary and junior debt. This position is only further evidenced by Plaintiff's failure to act in good faith during settlement conferences with

24 Commerce LLC
November 12, 2021
Page 2

the Court. Judge Clark has scheduled a status/settlement conference for this matter on July 27, 2022. Borrower is rightfully concerned that if Plaintiff is permitted to move for summary judgment while the amounts due continue to be in dispute, and while the Court is still engaged in settlement discussions, any potential to resolve this matter will be lost.

  We thank Your Honor for your time and consideration with this matter and look forward to hearing from you soon.

              Very truly yours,

              **MEYNER AND LANDIS LLP**

              */s/ Javier M. Lopez*

              Javier M. Lopez

cc:  David Mignardi, Esq. (via ECF)
    Michael Cohen (via ECF)