# Holland & Knight

900 Third Avenue 20th Floor | New York, NY 10022 | T 212.751.3001 | F 212.751.3113
Holland & Knight LLP | www.hklaw.com

David V. Mignardi
212.751.3171
david.mignardi@hklaw.com

July 14, 2022

**VIA ECF:**
Honorable John Michael Vazquez, U.S.D.J.
Martin Luther King U.S. Court House Building
50 Walnut Street
Newark, New Jersey 07102

   Re: *Wilmington Trust, N.A., as Trustee, etc. v. 24 Commerce Street LLC, et al*;
      Case No. 2:21-cv-05498

Dear Judge Vazquez:

  We are counsel to plaintiff Wilmington Trust, National Association, as Trustee for the Benefit of the Registered Holders of Wells Fargo Commercial Mortgage Trust 2019-C50, Commercial Mortgage Pass-Through Certificates, Series 2019-C50 ("Plaintiff") herein.

  We are compelled to write this letter to respond to the purported opposition submitted by defendant 24 Commerce Street LLC ("Borrower") to Plaintiff's request for leave to file a motion for, inter alia, summary judgment. See ECF No. 111. Therein, Borrower does not dispute its liability herein but merely wages a challenge to the computation of the amount due and owing to Plaintiff. See ECF No. 111. This is not the first time this issue has arisen in this case. Approximately eight months ago, on October 29, 2021, Borrower sought to bypass Judge Clark's discovery plan so that it could obtain an expedited adjudication on damages. See ECF No. 53. In response, Plaintiff called on Borrower to "affirmatively acknowledge that the sole issue in this action is the actual amount of the foreclosure judgment[]" to avoid wasting of unnecessary and viable party and Court resources. See ECF No. 55 Yet, Borrower abjectly failed to do so.[1]

  To avoid further waste of resources, Plaintiff respectfully submits that this Court, cognizant that Borrower does not (because it cannot) dispute its liability herein, should award summary judgment to Plaintiff and schedule an evidentiary hearing on the issue of damages, the sole issue in contention, to expedite this matter to the conclusion that this case inevitably merits.

---

[1] Borrower's failure to do so is not surprising but, rather, comports with its well-demonstrated, dilatory behavior in this action. Instead of accelerating this matter to the heart of the parties' dispute, Borrower forced this matter to proceed through a drawn-out discovery plan based upon its represented need for discovery. See ECF No. 85. In the end, Borrower failed to propound a single written discovery demand or notice a single deposition and this case effectively languished for several months. Id. Despite being the culprit therefor, Borrower incredulously has the gall to characterize Plaintiff as the party who is engaging in bad faith herein. See ECF No. 111.

#175686560_v1 527548.00025

Honorable John Michael Vazquez, U.S.D.J.
July 14, 2022
Page 2

      If Borrower truly seeks to avoid further time-wasting, which time-wasting will ultimately result in the accrual of further interest on the subject loan and, thus, continue to increase the amount due and owing to Plaintiff, Borrower should consent to Plaintiff's requested relief. Similarly, with Borrower effectively conceding its liability herein, defendant M.P. Management LLC, who has also interposed an answer herein (see ECF No. 21) and who has similarly failed to dispute Plaintiff's statement of material facts or provide a supplemental statement of material facts in violation of Your Honor's judicial preferences, should also consent thereto.

                                              Respectfully Submitted,

                                              **HOLLAND & KNIGHT LLP**

                                      By: _/s/ David V. Mignardi_
                                                  David V. Mignardi, Esq.

cc:    All counsel of record (via ECF)
        Keith M. Brandofino, Esq. (via e-mail)