# Meyner and Landis LLP

Attorneys At Law
One Gateway Center
Suite 2500
Newark, New Jersey 07102
www.meyner.com
973-624-2800
Fax: 973-624-0356

Reply to:
Javier M. Lopez
Direct Dial: 973-602-3436
jlopez@meyner.com

New York Address:
100 Park Avenue
16th Floor
New York, New York  10017
(516) 683-0171

July 15, 2022

**Via ECF Filing**
Hon. John Michael Vazquez, U.S.D.J.
U.S. District Court, District of New Jersey
50 Walnut Street
Newark, NJ 07102

> Re: **Wilmington Trust, National Association, As Trustee For The Benefit of The Registered Holders of Wells Fargo Commercial Mortgage Trust 2019-C50, Commercial Mortgage Pass-Through Certificates, Series of 2019-C50 v. 24 Commerce Street LLC, et al.**
> **Case No. 2:21-cv-05498**

Dear Judge Vazquez:

As Your Honor is aware, our office represents defendant, 24 Commerce Street LLC ("**24LLC**" or "**Borrower**") in connection with above captioned matter. Please accept this letter in further response to Plaintiff's request for leave to file a motion for summary judgment, and in response to the Court's request for Borrower's reply to Plaintiff's Statement of Material Facts[1].

By way of its July 14, 2022 letter, Plaintiff demands that this Court bypass the FRCP by entering summary judgment through correspondence submitted to the Court, rather than through motion practice. There is simply no basis under the FRCP that would permit a litigant to obtain summary judgment without a motion, as required by FRCP 56.

Much like its failure to engage in good-faith settlement discussions, and its continual artificial inflation of its payoff figures, Plaintiff's most recent request that the Court circumvent the FRCP only further demonstrates the bad faith with which Plaintiff has engaged throughout this litigation. While Borrower does not dispute Plaintiff's right to move for summary judgment (albeit Borrower believes the motion will be denied), the Court should outright deny Plaintiff's demand that summary judgment be entered immediately.

---

[1] Borrower's response to Plaintiff's Statement of Material Facts is attached hereto.

24 Commerce LLC
July 15, 2022
Page 2

      We thank Your Honor for your time and consideration with this matter and look forward to hearing from you soon.

Very truly yours,

**MEYNER AND LANDIS LLP**

*/s/ Javier M. Lopez*

Javier M. Lopez

cc:    David Mignardi, Esq. (via ECF)
       Michael Cohen (via ECF)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE TRUST 2019-C50, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-C50, acting by and through Rialto Capital Advisors, LLC, as special servicer under the Pooling and Servicing Agreement date as of May 1, 2019, | Case No. 2:21-CV-05498 (JMV)(JBC) <br><br> <u>Civil Action</u> <br><br><br> ***<u>RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS</u>*** |
| Plaintiff, | |
| v. | |
| 24 COMMERCE STREET LLC, ET AL. | |
| Defendants. | |

**A.** **<u>The Parties</u>**

1.      Defendant, 24 Commerce Street, LLC ("**Defendant**") lacks information sufficient to admit or deny this allegation.

2.      Defendant lacks information sufficient to admit or deny this allegation.

3.      Admitted.

4.      Admitted.

5.      Defendant lacks information sufficient to admit or deny this allegation.

6.      Admitted.

7.      Defendant lacks information sufficient to admit or deny this allegation.

8.      Admitted.

**B.  <u>The Loan Documents</u>**

    9.       Admitted.

    10.      Admitted.

    11.      Admitted.

    12.      Admitted.

    13.      Admitted.

    14.      Admitted.

    15.      Admitted.

**C.  <u>Assignment of the Loan Documents</u>**

    16.      Defendant lacks information sufficient to admit or deny this allegation.

    17.      Defendant lacks information sufficient to admit or deny this allegation.

    18.      Defendant lacks information sufficient to admit or deny this allegation.

    19.      Defendant lacks information sufficient to admit or deny this allegation.

    20.      Defendant lacks information sufficient to admit or deny this allegation.

    21.      Defendant lacks information sufficient to admit or deny this allegation.

    22.      Defendant lacks information sufficient to admit or deny this allegation.

    23.      Defendant lacks information sufficient to admit or deny this allegation.

    24.      Defendant lacks information sufficient to admit or deny this allegation.

    25.      Defendant lacks information sufficient to admit or deny this allegation.

    26.      Defendant lacks information sufficient to admit or deny this allegation.

    27.      Defendant lacks information sufficient to admit or deny this allegation.

    28.      Defendant lacks information sufficient to admit or deny this allegation.

    29.      Defendant lacks information sufficient to admit or deny this allegation.

30.     Defendant lacks information sufficient to admit or deny this allegation.

31.     Defendant lacks information sufficient to admit or deny this allegation.

**D.   <u>Borrower's Defaults Under the Loan Documents</u>**

    **i.    <u>The Payment Default</u>**

32.     Defendant neither admits nor denies this allegation. The subject loan documents speak for themselves.

33.     Defendant neither admits nor denies this allegation. The subject loan documents speak for themselves.

34.     Admitted.

35.     Admitted.

    **ii.    <u>The Cash Management Default</u>**

36.     Defendant neither admits nor denies this allegation. The subject loan documents speak for themselves.

37.     Defendant neither admits nor denies this allegation. The subject loan documents speak for themselves.

38.     Admitted solely to the allegation that Plaintiff sent a notice alleging an event of default.

39.     Admitted solely to the allegation that Plaintiff sent a notice alleging an event of default.

40.     Denied.

    **iii.   <u>The Financial Reporting Default</u>**

41.     Defendant neither admits nor denies this allegation. The subject loan documents speak for themselves.

3

42.     Admitted solely to the allegation that Plaintiff sent a notice alleging an event of default.

43.     Admitted solely to the allegation that Plaintiff sent a notice alleging an event of default.

44.     Denied.

**iv**.  **The Fraud Default**

45.     Defendant neither admits nor denies this allegation. The subject loan documents speak for themselves.

46.     Admitted solely to the allegation that Plaintiff sent a notice alleging an event of default.

47.     Admitted solely to the allegation that Plaintiff sent a notice alleging an event of default.

48.     Denied.

49.     Denied.

**v**.  **The Covenant Defaults**

50.     Defendant neither admits nor denies this allegation. The subject loan documents speak for themselves.

51.     Defendant neither admits nor denies this allegation. The subject loan documents speak for themselves.

52.     Defendant neither admits nor denies this allegation. The subject loan documents speak for themselves.

53.     Defendant neither admits nor denies this allegation. The subject loan documents speak for themselves.

4

54.     Admitted solely to the allegation that Defendant obtained the BBF Mortgage.

55.     Denied.

56.     Admitted solely to the allegation that Plaintiff sent a notice alleging an event of default.

**E.   Plaintiff's Rights and Borrower's Obligations Upon Borrower's Default**

57.     Defendant neither admits nor denies this allegation. The subject loan documents speak for themselves.

58.     Denied. Defendant has made attempts to cure the alleged defaults, but Plaintiff's artificial inflation of its payoff figures has prevented Defendant from completing a refinance of Plaintiff's debt.

59.     Denied.