**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE TRUST 2019-C50, COMMERCIAL MORTGAGE PASS-THROGUH CERTIFICATES, SERIES 2019-C50, acting by and through Rialto Capital Advisors, LLC, as Special Servicer under the Pooling and Servicing Agreement dated as of May 1, 2019,<br><br>*Plaintiff*,<br><br>v.<br><br>24 COMMERCE STREET LLC, ET. AL.<br><br>*Defendants*. | Civil Action No. 21-5498<br><br>**ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on G&E Real Estate Management Services, Inc.'s (the "Receiver") revised Proposed Order (D.E. 156-1) to enforce and effectuate prior Orders of the Court relating to security deposits paid by tenants at the subject property located at 24 Commerce Street, Newark, New Jersey (the "Property"), including without limitation, the Order entered on October 14, 2021 (D.E. 48), the Order entered on August 10, 2022 (D.E. 124), and the Consent Order entered on October 4, 2022 (D.E. 138). And it

**APPEARING** that the Receiver submitted an initial Proposed Order to enforce and effectuate prior Orders of the Court relating to security deposits paid by tenants at the Property on December 13, 2022 (D.E. 151-1); and it further

**APPEARING** that Defendant 24 Commerce opposed the initial Proposed Order on December 15, 2022 (D.E. 152); and it further

**APPEARING** that the Court held a hearing on the matter on December 20, 2022 (the "Hearing"); and it further

**APPEARING** that at the Hearing, Defendant 24 Commerce, through its counsel, represented to the Court that it has never possessed or controlled any tenant Security Deposits from the Property; that the Security Deposits received prior to April 4, 2019 were credited against the purchase price of the Property; that no Security Deposit has been credited or promised to be credited to any tenant of the Property; and that it has provided all information in its possession regarding Security Deposits to the Receiver; and it further

**APPEARING** that following the Hearing, the Receiver submitted a revised Proposed Order on January 11, 2023 (D.E. 156-1); and it further

**APPEARING** that the Court acknowledged receipt of the revised Proposed Order and stated that any opposition to the revised Proposed Order shall be filed by January 20, 2023 (D.E. 157); and it further

**APPEARING** that no opposition to the revised Proposed Order was filed by January 20, 2023.

For the foregoing reasons, and for good cause shown,

IT IS on this 24th day of January 2023,

**ORDERED**, in accordance with the revised Proposed Order (D.E. 156-1), that:

1. For all tenants in possession of the Property, and for all leases in effect, as of the date of appointment of the Receiver, Borrower is solely responsible to said tenants for all Security Deposits paid in accordance with the applicable leases. Tenants seeking a return of their Security Deposit or any other relief whatsoever regarding Security Deposits must exclusively contact the Borrower.

2. The Receiver shall not be responsible or liable in any way whatsoever to account for or refund or credit any Security Deposits to tenants or any other matter related to the Security Deposits. The Borrower shall not attempt to make any representations, agreements, or promises on behalf of the Receiver regarding the Security Deposits and shall make clear to all tenants seeking return of their Security Deposits that the Receiver has no responsibility for return, reimbursement, or credit of the Security Deposits.

3. In accordance with this Court's Consent Order entered on March 22, 2022 (D.E. 100), the Receiver has the sole authority to negotiate with non-paying tenants for resolution of sums due under their respective leases. To the extent a tenant seeks a credit for its Security Deposit, Receiver is not obligated to provide same but shall refer the tenant to Borrower for return of the tenant's Security Deposit.

4. Nothing in this Order modifies the terms of paragraph 1(c) of the October 4, 2022 Consent Order (D.E. 138) pertaining to liability for Security Deposits.

5. Nothing in this Order shall prohibit any party from seeking any further expansion or modification of Receiver's powers through appropriate petition of the Court.

_____
John Michael Vazquez, U.S.D.J.