**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE TRUST 2019-C50, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-C50, acting by and through Rialto Capital Advisors, LLC, as Special Servicer under the Pooling and Servicing Agreement dated as of May 1, 2019,<br><br>*Plaintiff,*<br><br>v.<br><br>24 COMMERCE STREET LLC; M.P. MANAGEMENT LLC; BBF PARTNERS LLC; and "JOHN DOE" NO. 1 THROUGH "JOHN DOE" NO. 100<br><br>*Defendants.* | Civil Action No. 2:21-cv-05498<br><br>**ORDER** |

**John Michael Vazquez, U.S.D.J.**

    For the reasons set forth in the accompanying Opinion; and for good cause shown,

    IT IS on this 15th day of March 2023,

    **ORDERED** that Plaintiff's motion for summary judgment and other relief,[1] D.E. 130, is **GRANTED in part** and **DENIED in part**; and it is further

---

[1] Plaintiff's motion, D.E. 130, requests that the Court grant summary judgment as to Counts I, III, and IV; strike the affirmative defenses set forth by Borrower and Defendant M.P. Management; and enter default judgment against Defendant BBF. D.E. 130 at 1. For the reasons set forth in the accompanying Opinion, the Court declines to rule on Plaintiff's motion to strike the affirmative defenses set forth by Borrower and Defendant M.P. Management.

**ORDERED** that Plaintiff's motion for summary judgment is **GRANTED** as to liability;[2] and it is further

**ORDERED** that Plaintiff's motion for summary judgment is **DENIED** as to damages owed by Borrower to Plaintiff;[3] and it is further

**ORDERED** that Plaintiff's request for default judgment against BBF Partners is **DENIED** **without prejudice** subject to proof of damages at the upcoming evidentiary hearing.

_____
John Michael Vazquez, U.S.D.J.

---

[2] As such, Plaintiff's request to foreclose on the mortgage (Count I) and the security interest (Count III) and to possess (or have "its assignee or the purchaser of the Property at the foreclosure sale" possess) the Property and Collateral (Count IV) is **GRANTED**; however, such relief is **STAYED** pending the parties' evidentiary hearing on damages. As noted in the accompanying Opinion, if Plaintiff decides to challenge the stay, they may file an appropriate motion.

[3] Plaintiff and Borrower have contracted away their right to a trial by jury. *See* Ex. 1 at 94 (Section 10.8 of the Loan Agreement) (expressly waiving "any right to trial by jury fully to the extent that any such right shall now or hereafter exist with regard to the loan documents, or any claim, counterclaim, or other action arising in connection therewith.") (emphases removed). As such, the Court will hold an evidentiary hearing on the issue of damages. Within twenty-one (21) days, the parties shall meet and confer and submit to the Court their availability for an evidentiary hearing.